Unjust conviction and imprisonment; damages awarded under the statute. The plaintiff brought suit under the Act of June 25, 1948 (28 U. S. C. 1495 and 2513), to recover $5,000, the statutory maximum, on account of damages sustained by him by reason of his erroneous conviction by Naval General Court Martial and imprisonment therefor.
On all the evidence and under the statute, it was held, on October 5, 1954, that the plaintiff was entitled to recover. Judgment for the statutory amount, $5,000.
The attorney for the plaintiff on October 18, 1954, filed a suggestion of the death of James Joseph Eoberson and a motion for substitution of party, attaching thereto letters *814 of administration disclosing that the plaintiff died pendente lite on July 28,1954.
The Government opposed the substitution of the administrator of plaintiff’s estate and moved the court to vacate its former judgment on the ground that the cause of action had abated, prior to judgment, and could not be revived by the administrator. The defendant presented authorities and argument in support of its motion.
Defendant’s motion was denied November 80, 1954, and on the basis of the opinion and findings of fact of October 5, 1954, which were affirmed, judgment for the plaintiff was entered for $5,000 mme pro time as of April 7,1954 (129 C. Cls. 581).
In this case (No. 158-52) the defendant, on December 30, 1954, entered a motion for reconsideration and a new trial, with an accompanying brief, which motion was as follows:
Defendant moves for reconsideration and a new trial, and to set aside the judgment of the Court entered herein November 30, 1954, under Eules 53 and 54, on the following grounds:
I. The Court erred as a matter of law in holding that a conviction and imprisonment by court-martial is within the purview of the unjust conviction statute, 28 U. S. C. 1495 and 2513.
II. The Court erred, as a matter of law in holding that the District Court had jurisdiction to issue the certificate of innocence in this case.
III. The Court erred as a matter of law in ordering judgment be entered mme pro time as of April 7,1954.
IV. The Court did not, at any time, have jurisdiction of this proceeding.
On February 8, 1955, defendant’s motion was overruled.